■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANO GRAHAM, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered June 23, 1988, convicting him of burglary in the first degree (two counts), criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree, possession of burglar's tools, criminal mischief in the fourth degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that his motion to suppress a glove he dropped as he entered a police car should have been granted. He argues that his discarding of the glove was a spontaneous reaction to unlawful police conduct and must be suppressed. We disagree. It was adduced at the suppression hearing that the police were informed, by radio communication, that a burglary had just been committed by two males, both black and approximately 19 years of age, with one wearing a red and white striped shirt. Upon responding, the officers almost immediately observed two black males (the defendant and the codefendant), approximately 19 years of age, one of whom appeared to be wearing a red and white striped shirt (which was in fact orange and white), less than two blocks away from the crime scene. The defendants then ducked behind a vehicle. This was enough to reasonably suspect that the defendants were the perpetrators *(see,* CPL 140.50; *People v Spivey,* 46 NY2d 1014; *People v Cantor,* 36 NY2d 106). The detention and transportation of the defendants to the scene of the crime for possible identification was not unreasonable and constituted lawful police conduct *(see, People v Hicks,* 68 NY2d 234). Approximately four minutes elapsed from the time the marked police car first approached the defendant until the time he discarded the glove. In that four minutes, the defendant "had time enough to reflect and formulate a strategy for ridding himself of the incriminating evidence" *(People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). Therefore, this was an "independent act involving a calculated risk" which was unrelated to police conduct. As such, the glove is deemed abandoned by the defendant *(see,*

*People v Leung,* 68 NY2d 734; *People v Boodle, supra).* We conclude that the hearing court's findings were not erroneous *(People v Armstead,* 98 AD2d 726), and, accordingly, the defendant's motion to suppress the glove was properly denied.

The defendant also contends that because the evidence against him was totally circumstantial, it was legally insufficient to prove his guilt beyond a reasonable doubt. We disagree. The evidence in this case is wholly inconsistent with the defendant's innocence and excludes beyond a reasonable doubt every other reasonable hypothesis *(see, People v Marin,* 65 NY2d 741; *People v Giuliano,* 65 NY2d 766). Here, the jurors drew the only inferences reasonably to be drawn from the evidence. Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference to be drawn therefrom, we find that the People met their burden and the jury reasonably concluded that the defendant's guilt was proven to a moral certainty *(see, People v Betancourt,* 68 NY2d 707; *People v Lewis,* 64 NY2d 1111, 1112; *People v Jimison,* 145 AD2d 648). Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.